### NEW ENGLAND ENGINEERING CO. v. OAKWOOD ST. RY. CO.

(Circuit Court, S. D. Ohio, W. D.   December 28, 1895.)

#### No. 4,844.

FORECLOSURE OF LIEN—PRELIMINARY INJUNCTION.

A bill filed to foreclose a lien for money due for machinery furnished to a street-railway company claimed a lien upon all the real estate, rolling stock, and track of the company. It appeared that the property was worth more than $100,000, and that the building in which the machinery furnished was erected was worth more than $24,000, and that it contained other machinery worth $5,000. Held, that the court would not issue a preliminary injunction to restrain the company from removing the machinery from the building in which it was placed on the ground that this would lower the value of the property subject to the lien, so as to constitute waste.

This was a motion for a preliminary injunction.

Harmon, Colston, Goldsmith & Hoadley, for plaintiff.

McMahon & McMahon and Paxton, Warrington & Bontet, for defendant.

TAFT, Circuit Judge. The bill was filed by the plaintiff to foreclose a lien which, it is claimed, is secured to it under the statute of Ohio for the amount due on a contract for the erection of machinery to operate a street railway in the city of Dayton owned by the defendant, the Oakwood Street-Railway Company. The bill averred that the defendant, under a false claim that the machinery did not comply with the contract, was about to remove the machinery from the building in which it was placed, and thereby so to depreciate the value of the property upon which the lien was secured as to constitute waste. Upon the filing of the bill a preliminary restraining order was issued. Subsequently the motion for a preliminary injunction came on for hearing and decision. The bill asserts a lien upon all the real estate owned by the company, upon its rolling stock, and upon its track. It is in evidence and is undisputed that the value of this property far exceeds $100,000. It is also in evidence, and undisputed, that the value of the particular house and lot in which this machinery is erected exceeds, without any machinery, $24,000. The claim herein made is for $20,000. There is evidence showing that there is machinery, not furnished under this contract, which will remain in the building, of the value of $5,000, so that the plaintiff concedes that the value of the security far exceeds the claim. I do not think that under such circumstances the case is one for a preliminary injunction. Preliminary injunctions are granted upon a balance of convenience. If it be true, as the defendant asserts in the answer, that the machinery furnished is entirely inadequate for the purpose of the defendant in the operation of a street railway, then it will greatly inconvenience the defendant if, by an injunctive order of this court, it is required to permit the machinery there to remain. What the plaintiff has is a mere lien, and all that it is entitled to is a sufficient security to pay the debt. This it would seem to have in any event, whether it be entitled only to a lien on the house and lot in which the machinery is erected, or on the adjoining property of the company, or on its entire track and rolling stock. For these reasons the motion for a preliminary injunction will be refused, and the preliminary restraining order heretofore issued is dissolved.